**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**

**NO. 3:26-MC-9**

**RODNEY R. DIXON**

# SUSPENSION ORDER

On June 30, 2026, based on a motion by the Mississippi Bar, a complaint tribunal of the Mississippi Supreme Court entered a default judgment against Rodney R. Dixon, suspending Dixon from the practice of law in the state of Mississippi for thirty days, effective ten days from the entry of the judgment, for violations of Mississippi Rules of Professional Conduct 1.1, 1.2(a), 1.3, 1.5(a), and 8.4(d).[1]

On July 9, 2026, this Court ordered Dixon to show cause why he should not be disciplined under Rule 83.1(c)(2) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi. Doc. #2. Dixon did not respond to the show cause order within the time allowed or at any subsequent point.[2]

Local Rule 83.1(c)(2) provides that a member of the bar of the United States District Court who has been suspended or disbarred from practice by a court of record shall be accorded thirty days within which to show cause why he or she should not be suspended or disbarred by this Court. The rule further states that, following a response to the order to show cause "and after hearing, if

[1] A certified copy of the default judgment was filed in the United States District Court for the Northern District of Mississippi. Doc. #1.

[2] A certified copy of the show cause order mailed to Dixon at his address on file with the Court and with the Mississippi Bar was returned as undeliverable. Doc. #3. However, it is the responsibility of every attorney authorized to practice in this district to provide current contact information. *See* Administrative Procedures for Electronic Case Filing, United States District Court, Northern District of Mississippi, at Section II(B)(3) (Oct. 1, 2025) ("Attorneys are solely responsible for updating their contact information including current mailing address …."). Should Dixon subsequently seek to challenge this suspension order by claiming that he did not timely receive it—such that he should still be allowed to assert that the June 30 default judgment on which it was based lacked procedural due process in its original proceeding or lacked substantial evidence to support its factual findings—he must provide a sufficient reason for his failure to update his current contact information.

one is requested, or upon expiration of the period allowed for response, if no response is made, the court may enter an appropriate order in which it may impose discipline, including, but not limited to, the same discipline administered by the other jurisdiction." L.U. Civ. R. 83.1(c)(2).

Because the Mississippi Supreme Court is a court of record and a complaint tribunal of that court suspended Dixon from the practice of law, this Court concludes that reciprocal discipline is appropriate. Dixon is **SUSPENDED** from practicing law in the Northern District of Mississippi. Such suspension shall not be lifted unless and until Dixon establishes that he has been restored as an attorney in good standing with the Mississippi Bar and the Mississippi Supreme Court. The Clerk of the Court is ordered to send a certified copy of this order to Dixon at all known addresses of record, to the Executive Director of the Mississippi Bar, to the United States Attorney for the Northern District of Mississippi, and to the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED**, this 18th day of August, 2026.

**DEBRA M. BROWN**
**CHIEF DISTRICT JUDGE**